**GERSTEN SAVAGE LLP**
Paul Rachmuth (PR1566)
600 Lexington Avenue
New York, New York 10022
Telephone: (212) 752-9700
Facsimile: (212) 980-5192
Proposed Counsel to the Debtor
and Debtor-in-Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| TETRAGENEX PHARMACEUTICALS, INC.[1] | Case No. _____ |
| Debtor | |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) SCHEDULING A COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT, CONFIRMATION OF THE PLAN AND SETTING THE OBJECTION DEADLINE FOR THE DISCLOSURE STATEMENT AND PLAN, (B) APPROVING THE FORM AND NOTICE OF THE COMBINED HEARING ON ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, (C) ESTABLISHING PROCEDURES FOR OBJECTING TO THE DISCLOSURE STATEMENT AND PLAN, (D) APPROVING THE PREPETITION SOLICITATION PROCEDURES, AND (E) GRANTING RELATED RELIEF**

Tetragenex Pharmaceuticals, Inc., as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), by and through its proposed undersigned counsel, hereby moves this Court (the "**Motion**") for an order, substantially in the form attached hereto as Exhibit **A** (the "**Scheduling Order**"), pursuant to 11 U.S.C. §§ 105(a), 1126(b) and 1128 and Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure: (a) scheduling a combined hearing (the "**Combined Hearing**") on the adequacy of the Disclosure Statement for

---

[1] The last four digits of the Debtor's federal tax identification number, are 1895  The Debtor's mailing address for purposes of this case is 6901 Jericho Tpk., Ste 221, Syosset, New York 11791.

the Prepackaged Plan of Reorganization of Tetragenex Pharmaceuticals, Inc., dated August 10, 2010 (the "**Disclosure Statement**") and confirmation of the Prepackaged Plan of Reorganization of Tetragenex Pharmaceuticals, Inc., dated August 10, 2010 (the "**Plan**");[2] (b) approving the form and manner of notice of the Combined Hearing (the "**Combined Hearing Notice**"); (c) approving the Debtor's prepetition solicitation procedures (the "**Solicitation Procedures**"); (d) establishing appropriate objection deadlines in conjunction therewith; and (e) granting related relief.  In support of the Motion, the Debtor respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 1126(b) and 1128 of title 11, United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the applicable Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**").

### BACKGROUND

4.      On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

5.      The Debtor continues to operate its business and manage its affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[2]   Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

6.     As of the filing of this Motion, no trustee, examiner or committee has been requested or appointed in the Chapter 11 Case.

**The Debtor's Business**

7.     As described more fully in the Declaration of Martin Schacker in Support of Confirmation of the Debtor's Prepackaged Plan of Reorganizations (the "**Schacker Dec**"), the Debtor is a pharmaceutical company that has spent the past sixteen years developing a platform of peptides to treat depression.

8.     The Debtor is a pharmaceutical company that has spent the past sixteen years developing a platform of peptides to treat depression.  Nemefitide, the Company's lead drug, has been administered to over 430 human patients in 13 Food and Drug Administration (the "**FDA**") condoned trials, reaching late Phase II.  The drug has shown virtually no side effects in humans and was efficacious in a large percentage of patients.  These successes include the treatment of refractory patients; those patients who have failed to respond to many other currently available therapies.  In the drug trials, patients usually required 6 to 9 doses over 1 to 2 week period.  The positive effects of the treatment generally lasted six months.

9.     The Debtor holds the United States patents on Nemifitide through 2014. Unfortunately, this leaves insufficient time remaining on its patents to successfully complete all necessary testing and marketing required to make the drug commercially viable in the United States.  It, therefore, is necessary to change the focus of the company's strategy.

10.     There are numerous countries outside of the United States in which Nemefitide can be registered based on the testing already conducted (a complete preclinical regimen, an extensive phase I program and a well-progressed, human phase II program).  The Debtor intends

to register its drugs through business partners in these countries and, in conjunction with these business partners, provide treatment in existing facilities.

11.     The program would be run similar to many excursion spa/medical tourism businesses: The Debtor will provide patients with a packaged solution that would include travel arrangements, concierge services, facility charges and medical treatment and monitoring.

12.     The Debtor does not believe this treatment process will be an impediment. The target patients are those who have failed to respond to current therapies and have no other options. Accordingly, many will be willing to travel in order to receive a treatment. Further, providing a complete travel and treatment solution to patients allows the Debtor to increase its revenue from each treated patient.

**The Capital Structure**

13.     Immediately prepetition, the Debtor held approximately $40,000[3] in its bank accounts and had liabilities of about $3.6 million, consisting of $85,000 in Secured Claims (Class 2), $35,000 in Priority Claims (Unclassified and Class 1 Claims) and $ 3.5 million in General Unsecured Claims (Class 3). As described more fully below, the Plan provides for Secured Claims to be paid in full unless the holder agrees to a less favorable treatment. In this case, the Class 2 Holder has agreed to receive equity in the reorganized company in satisfaction of its debt. Similarly, though Priority Claims are to be paid in full unless the holders agree to less favorable treatment, holders of all known priority claims have agreed to receive equity in the reorganized company as payment of their claims. And finally, under the Plan, General

---

[3]      The $40,000 currently held by the Debtor primarily comes from a May 2010 investment from an existing individual investor. The transaction consisted of a private equity sale of 2,872,222 common shares in exchange for $50,000. This individual investor was fully advised of the Debtor's pending bankruptcy filing and has supported the process including voting in favor of the Plan.

Unsecured Claims receive equity in the reorganized company as payment of their claims. Based on the foregoing, the Debtor expects that over $100,000 will be available at the time of the Plan's effective date to fund its emergence from bankruptcy.

14.     As discussed below, the Debtor has raised $85,000 from the Subscription and may raise an additional $100.000 to $200,000 through the Subscription prior to the Plan Effective Date and the Subscription's closing.

15.     This $185,000 to $285,000 in newly raised capital along with the $40,000 in cash on hand not only covers the Debtor's funding needs to emerge from bankruptcy protection, it will fund the Debtor's operations until the reorganized company to move forward with its business plan and become cash-flow positive and profitable.    Pro forma cash flow projections and balance sheet will be filed with the Plan Supplement prior to the Confirmation Hearing.

**The Equity Subscription**

16.     All Claim and Interest Holders have been given the opportunity to contribute additional capital to purchase additional shares of Common Stock (the "**Subscription**"). As described in the Disclosure Statement, concurrently with soliciting votes for the acceptance or rejection of the Plan, the Debtor solicited participation in the Subscription (the "**Subscription Agreement**") to every claim and interest holder.  The features of the Subscription include:

   a.  New equity interests in the reorganized Debtor are being sold at $.03/share; the same price that Class 3 Claims (General Unsecured Claims) are to be converted under the Plan;

   b.  Only those existing creditors and interest holders were solicited or permitted to participate;

   c.  A maximum of 36,000,000 shares were being offered;

   d.  All funds received pursuant to the Subscription are being held in escrow by JP Morgan Chase Bank, N.A. pending the closing of the Subscription.

17.     The Subscription Agreement was to expire on September 3, 2010 or some later date as the Debtor so chose. The Debtor has elected to keep the Subscription open until the Plan's Effective Date, thereby allowing the Debtor to close on the Subscription Agreement at the same time as it closes on the confirmed Plan.

18.     As of the Petition Date, the Debtor has received $85,000 under the Subscription, which is being held in escrow. In addition, the Debtor has received commitments and expressions of interest for an additional $100,000and $200,000 respectively.

19.     As the Subscription was being conducted in conjunction with the confirmation of the Plan, Bankruptcy Code Section 1145 exempts the resulting shares from the application of Section 5 of the Securities Act of 1933 and any State and local law requiring registration of an offer or sale of a security or registration or licensing of an insurer of, underwriter of, or broker or dealer in, a security.

## CHAPTER 11 CASE

20.     The Debtor commenced its Chapter 11 Case to effectuate a restructuring of its balance sheet (converting debt to equity) pursuant to the Plan, which, as described in more detail below, has the support of each and every impaired class of claims and interests.

## THE PROPOSED PREPACKAGED PLAN

21.     Prior to the Petition Date, after months of discussions and negotiations with various creditor and interest holder constituencies, and after considering various alternatives, the Debtor reached an agreement on the terms of the Plan with the vast majority of all claim and interest holders.

22.    The Plan provides for a balance sheet restructuring that converts all secured and general unsecured Claims into equity, dilutes but not eliminates existing equity and leaves the place the strike price and expiration date for all existing options and warrants (all of which are expected to remain "far out of the money").  Furthermore, the Plan also allows for the Debtor to consummate the Subscription and thereby raise the capital necessary to complete its business plan.

23.    Set forth below is a summary of the classification and treatment provisions of the Plan:[4]

| Class [Allowed Claim or Interest] | Treatment | Estimated Amount of Claims in Class | Recovery | Status |
|---|---|---|---|---|
| N/A [Administrative Expense Claims] | Payment in full, in Cash, or as otherwise agreed, or, if incurred in the ordinary course, in accordance with the terms and conditions of any agreements relating thereto. | Undetermined | 100% | Unclassified and Unimpaired.  Not entitled to vote. |
| N/A [Priority Tax Claims] | Payment in full, in Cash, or as otherwise agreed. | $0 | 100% | Unclassified and Unimpaired.  Not entitled to vote. |
| Class 1 [Other Priority Claims] | Payment in full, in Cash, or as otherwise agreed. | $35,000 | 100% | Unimpaired; deemed to  accept the Prepackaged Plan and not entitled to vote |
| Class 2 [Secured Claims] | Payment in full, in Cash, a return of the Collateral, or as otherwise agreed. | $85,000 | 100% | Unimpaired; deemed to  accept the Prepackaged Plan and not entitled to vote |
| Class 3 [General Unsecured Claims] | Pro Rata share of the Unsecured Claim Consideration. | $3,500,000 | 2% | Impaired; entitled to vote |
| Class 4 [Option Holders] | Receiving New Options | n/a | n/a | Impaired; entitled to vote |

[4]    This summary does not contain all relevant Plan provisions.  Reference is made to the Plan and Disclosure Statement, both of which were filed on the Petition Date, for a full and complete description of the Plan, including the treatment of all Claims and Interests under the Plan.

| Class [Allowed Claim or Interest] | Treatment | Estimated Amount of Claims in Class | Recovery | Status |
|---|---|---|---|---|
| Class 5 [Common Stockholders] | Retaining Common Stock | 18,798,348 Shares | n/a | Impaired; entitled to vote |

24.    The Debtor commenced solicitation of votes for acceptance of the Plan by circulating the Disclosure Statement, with the Plan as an exhibit, ballots for the appropriate Class or Classes, the Solicitation Agreement and a letter from the Debtor explaining the process and urging the creditors and interest holders to vote in favor of the Plan (collectively the "**Solicitation Package**") on August 10, 2010.  The solicitation period ended on September 3, 2010 (the "**Voting Deadline**")[5].

25.    As set forth in the Declaration of Paul Deutch, Esq. of Omni Management Group, Inc. Regarding Mailing, Voting, and Tabulation of Ballots Accepting the Prepackaged Plan of Reorganization of Tetragenex Pharmaceuticals, Inc. (the "**Omni Dec**"), filed contemporaneously herewith, the Plan has been accepted by well in excess of the statutory thresholds of impaired claims and interests required by §§ 1126(c) and (d) of the Bankruptcy Code by Classes 3, 4 and 5; the only impaired Classes.  Classes 1 and 2 are not impaired and, therefore, deemed to vote in favor of the Plan.

26.    The Debtor's cash on hand is not subject to the liens of any creditors.  The Debtor, therefore, does not need consent from any party for the use of cash collateral.  Further, the Debtor currently has a very small operation and does not incur high daily operating costs  and anticipates that it will not need additional funding during the pendency of this bankruptcy proceeding.  This projection assumes, however, confirming the Plan in the timeframe discussed

---

[5]    Though the Voting Deadline was September 3, 2010, the Debtor granted a voting extension to all parties so requesting.  No votes in any Class have been deemed late.

herein. A projected operating budget for the postpetition period will be included in the Plan Supplement.

27. The Debtor believes that consummation of the consensual financial restructuring transactions proposed under the Plan is necessary to provide the Debtor with a strong balance sheet and capital structure and the funds necessary to successfully execute on its business plan. Indeed, the Debtor believes that the prompt realization of the transactions outlined in the Plan will enable it to exit chapter 11 appropriately capitalized to execute its business plan.

## **RELIEF REQUESTED**

28. By this Motion, the Debtor requests that the Court enter the Scheduling Order, granting the following relief:

    a. Scheduling a date for the Combined Hearing to consider the adequacy of the Solicitation Procedures and the Disclosure Statement, and to confirm the Plan;

    b. Establishing applicable procedures for objections to the Disclosure Statement, the Plan, and the Solicitation Procedures, and setting a deadline for such objections;

    c. Approving the form and manner of notice of the Combined Hearing; and

    d. Granting related relief.

29. Set forth below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the Debtor's proposed dates for the Combined Hearing, the Objection Deadline (as defined below), and the mailing of the Combined Hearing Notice:

| Proposed Timetable | |
| --- | --- |
| Voting Record Date | Monday August 10, 2010 |
| Commencement of Solicitation | Wednesday, August 12, 2010 |
| Voting Deadline | Friday September 3, 2010 |
| Petition Date | Tuesday, October 26, 2010 |
| Mailing of Combined Hearing Notice (which includes a Notice of Commencement of Chapter 11 Case) | Friday, October 29, 2010 |

| Plan Supplement Filing Date | Friday, November 19, 2010 |
|---|---|
| Deadline to File Objections to Plan Confirmation and/or Adequacy of the Disclosure Statement and Solicitation Procedures | Wednesday, November 24, 2010 |
| Deadline to file Reply to Objections to Plan Confirmation and/or Adequacy of the Disclosure Statement and to File Brief in Support of Plan Confirmation | Wednesday, December 1, 2010 |
| Combined Hearing Date | Monday December 6, 2010 |

## BASIS FOR RELIEF REQUESTED

### A.      Scheduling the Combined Hearing.

30.      Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days notice…to consider the disclosure statement and any objections or modifications thereto." *See* Bankruptcy Rule 3017(a). Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." *See* 11 U.S.C. § 1128(a). In addition, Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." *See* Bankruptcy Rule 3017(c).

31.      The most sensitive and complex task required to effectuate a successful reorganization - the negotiation and formulation of a chapter 11 plan of reorganization - has already been accomplished prior to commencement of the Chapter 11 Case. In addition, prior to the Petition Date, the Debtor solicited votes on the Plan from all holders of claims and interests entitled to vote to accept or reject the Plan. As demonstrated herein and in the Omni Dec, the votes tabulated and received from these holders reflect an overwhelming acceptance of the Plan by the classes entitled to vote thereon. Therefore, the circumstances weigh heavily in favor of scheduling the Combined Hearing at the earliest date convenient to this Court after the expiration

of the applicable notice periods. The Debtor respectfully submits that there is no reason to delay consideration of the adequacy of the Disclosure Statement and Solicitation Procedures and confirmation of the Plan.

32.     Accordingly, the Debtor requests that the Court schedule the Combined Hearing for December 1, 2010, approximately forty days after the Petition Date. Such date would permit the Debtor to provide adequate notice of the Objection Deadline (as defined below) for confirmation of the Plan and sufficiency of the Disclosure Statement and Solicitation Procedures, and would provide more than twenty-eight (28) days' notice of the Combined Hearing, as prescribed by the Bankruptcy Rules.

33.     The Debtor further submits that it is appropriate that the Scheduling Order be entered at this time in order that creditors and interest holders may be informed as promptly as possible of the anticipated scheduling of events preceding confirmation of the Plan that they have voted to accept. The proposed schedule affords creditors and interest holders sufficient notice of the proceedings, and allows for more than ample time for interested parties to evaluate the Disclosure Statement and Plan prior to the Combined Hearing.

**B.     Approval of Solicitation Procedures and Forms of Ballots.**

34.     Prior to the Petition Date, the Debtor solicited votes for acceptance of the Plan, as authorized by section 1126(b) of the Bankruptcy Code. The Debtor therefore requests that, at the Combined Hearing, the Court consider approval of the Solicitation Procedures.

35.     First, the Debtor established August 10, 2010 as the Voting Record Date (the "**Voting Record Date**"). Next, on August 12, 2010, the Debtor, through the Voting Agent, caused a copy of the Solicitation Package to be delivered via first-class mail to each creditor and interest holder entitled to vote to accept or reject the Plan. In that regard, the Debtor established

September 3, 2010 at 5:00 p.m. (prevailing Eastern Time), as the Voting Deadline. Further, the Debtor has granted an extension to the Voting Deadline to any party requesting one.

36.     Only Holders of General Unsecured Claims, (Class 3), Option Claims (Class 4) and Equity Interests (Class 5) are Impaired - as that term is used by section 1124 of the Bankruptcy Code - and, therefore, only these Classes are entitled to vote to accept or reject the Plan. All other classes of creditors (Classes 1 and 2) are Unimpaired under the Plan and are therefore deemed to accept the Plan. *See* 11 U.S.C. § 1126(f). As a result, the Debtor solicited acceptances and rejections of the Plan only from Holders of Claims and Interests in Classes 3, 4 and 5 (the "**Voting Classes**").

37.     The Debtor believes that the above-described twenty-two day solicitation period is appropriate under the circumstances of the Chapter 11 Case and complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules. At the time solicitation commenced, the Plan had been developed through discussions and negotiations with various creditor constituencies. As a result, the Holders of a much, if not most of all Claims and Interests had significant familiarity with, and had ample opportunity to provide input on, the Plan's material terms prior to receipt of the Solicitation Package. A longer solicitation period would, therefore, have only caused additional unnecessary delays to the restructuring of the Debtor's business.

38.     Section 1126(b) of the Bankruptcy Code specifically provides, in pertinent part, that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if-- (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with

> such solicitation; or (2) if there is not any such law, rule or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b). Accordingly, at the Combined Hearing, the Debtor will seek a determination from this Court that the prepetition Solicitation Procedures utilized by the Debtor were in accordance with section 1126(b) of the Bankruptcy Code, as well as the applicable Bankruptcy Rules.

### (i) *Voting Record Date*

39. Bankruptcy Rule 3018(b) provides that the "holders of record of the applicable security" in the Debtor entitled to receive ballots and the related solicitation materials are determined "on the date specified in the solicitation". *See* Fed. R. Bankr. P. 3018(b).

40. The Solicitation Package specified that August 10, 2010 was the Voting Record Date for determining the Holders of Claims and Interests entitled to vote to accept or reject the Plan. Accordingly, the Debtor's designation of the Voting Record Date conforms to the appropriate Bankruptcy Rule.

### (ii) *Approval of Voting Deadline*

41. Bankruptcy Rule 3018(b) provides that prepetition acceptances or rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims or interests in each solicited class, and only if the time for voting was not unreasonably short. Bankruptcy Rule 3018(b) also requires that the solicitation comply with section 1126(b) of the Bankruptcy Code, in that it must comply with applicable nonbankruptcy law or contain "adequate information." *See* Fed. R. Bankr. P. 3018(b).

42. The Debtor commenced solicitation of votes for approval of the Plan on August 12, 2010. The Debtor established 5:00 p.m. (Eastern Time) on September 3, 2010 as the Voting

Deadline.  The Ballots state in clear and conspicuous language that all Ballots must be properly executed, completed, and delivered to the Voting Agent, so that they are received by the Voting Agent no later than the Voting Deadline.  The Ballots also contain other instructions, depending on the type of Ballot received by each creditor or interest holder entitled to vote.

43.     The Debtor submits that the voting period followed pursuant to the Solicitation Procedures was not unreasonably short and should be approved at the Combined Hearing.

### *(iii)     Approval and Transmittal of Solicitation Package*

44.     Bankruptcy Rule 3017(d) requires a debtor to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan."  *See* Fed. R. Bankr. P. 3017(d).  The Debtor distributed to the Voting Classes one or more Ballots in the form of the Ballots attached hereto as <u>Exhibit B</u>.  The Ballots are based on Official Form No. 14, modified to address the particular aspects of this Chapter 11 Case.

45.     The Ballots were provided to the Voting Classes with notice of the time within which acceptances or rejections of the Plan had to be received.  The Debtor believes that the Solicitation Package contained adequate information to enable Holders of Claims and Interests to make a determination as to whether to accept or reject the Plan, and should be approved at the Combined Hearing.

46.     The Solicitation Package was transmitted to the Voting Agent who, in turn, forwarded the Solicitation Package by mail, either directly or indirectly, to the record Holders of Claims in Classes 3, 4, and 5.  Such Holders were instructed to return their Ballots by mail to the address specified on the Ballot, as described more fully below.  Holders of Claims against the Debtor in Classes 1 and 2 were not provided with full Solicitation Packages because such

Holders of Claims are Unimpaired and presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

### (iv)     *Approval of Procedures for Vote Tabulation*

47.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that has accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." *See* Fed. R. Bankr. P. 3018(a).

48.     The Debtor requests that the Court approve the vote tabulation methodology utilized by the Debtor and the Voting Agent. The Debtor did not count or consider for any purpose the following Ballots:

    a.  Any Ballot that indicated both acceptance and rejection of the Plan;

    b.  Any Ballot that did not indicate either an acceptance or a rejection of the Plan;

    c.  Any Ballot cast by a Person or Entity that did not hold a Claim or an Interest in a Class that was entitled to vote to accept or reject the Plan;

    d.  Any unsigned Ballot; or

    e.  Any Ballot that was illegible or contained insufficient information to permit the identification of the Holder of the Claim or Interest purporting to vote.

49.     Furthermore, the Debtor required that each member of the Voting Classes vote all of their Claims within a particular Class either to accept or reject the Plan.

50.     Bankruptcy Rule 3018(a) provides, in part, that the Court may permit a creditor or equity security holder to change or withdraw a vote to accept or reject a Plan for cause shown. In addition, the Debtor instructed the Voting Classes that whenever two or more Ballots voting the same Claim were cast prior to the Voting Deadline, the last Ballot received prior to the Voting Deadline would be deemed to reflect the voter's intent and would thus supersede any prior Ballot(s), without prejudice to the Debtor's right to object to the validity of the second Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a).

*(v)*      ***Transmission of Disclosure Statement to Non-Voting Creditors***

51.     As stated in the Martucci Dec, all known creditors in Classes 1 and 2, which are deemed to accept the Plan, have been provided copies the Plan and Disclosure Statement.

52.     The Debtor respectfully submits that: (a) the Disclosure Statement and the Solicitation Procedures instituted in connection therewith, including the forms of Ballots, are in full compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules as well as all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, (b) the Disclosure Statement contains adequate information to permit holders of Impaired Claims and Interests against the Debtor to make an informed judgment about the Plan pursuant to sections 1125(a) and 1126(b)(2) of the Bankruptcy Code, and (c) the Debtor's Solicitation Procedures complied with all of the requirements of Bankruptcy Rule 3018.

53.     Courts in other recent prepackaged or pre-negotiated chapter 11 cases have granted the same or similar relief with respect to approval of solicitation procedures. *See, e.g., In re Affiliated Media,* Case No. 10-10202 (Bankr. D. Del. March 4, 2010); *In re Source Interlink Companies, Inc., et al.,* Case No. 09-11424 (Bankr. D. Del. May 28, 2009); *In re InSight Health*

*Services Holdings Corp., et al.,* Case No. 07-10700 (Bankr. D. Del. May 31, 2007); *In re Remy Worldwide Holdings, Inc., et al.,* Case No. 07-11481 (Bankr. D. Del. Nov. 20, 2007); *In re IWO Holdings, Inc., et al.,* Case No. 05-10009 (Bankr. D. Del. Feb. 9, 2005); *In re Covad Communication Group, Inc.,* Case No. 01-10167 (Bankr. D. Del. Oct. 25, 2001); *In re DJK Residential, et al.,* Case No. 08-10375 (Bankr. S.D.N.Y. February 5, 2008); *In re Bally Total Fitness of Greater New York, et al.,* Case No. 07-12395 (Bankr. S.D.N.Y. July 31, 2007); *In re Oneida Ltd, et al,* Case No. 06-10489 (Bankr. S.D.N.Y. March 29, 2006).

54.     Accordingly, at the Combined Hearing, the Debtor will respectfully request that this Court enter an Order (a) finding that the information contained in the Disclosure Statement is "adequate information" as such term is defined in section 1125(a) of the Bankruptcy Code, (b) approving the Solicitation Procedures and forms of Ballots, and (c) granting such other and further relief as the Court may deem just and proper.

## C.     Procedures and Deadline for Objecting to Disclosure Statement, Plan, and Solicitation Procedures.

55.     Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to the Plan.  Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of the Disclosure Statement.  Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of the Disclosure Statement and confirmation of the Plan (collectively, "**Objections**").

56.     The Debtor respectfully requests that the Court set Wednesday, November 24, 2010 at 4:00 p.m. (Eastern Time) as the deadline to file Objections to approval of the Disclosure Statement or confirmation of the Plan (the "**Objection Deadline**"), provided that the Combined Hearing Notice (which contains notice of the Objection Deadline), is mailed no later than Friday,

October 29, 2010, 2010.  This date will give all parties-in-interest more than twenty-eight (28) days' notice to object to the Disclosure Statement and confirmation of the Plan.  Further, this time period will provide the Debtor and other parties-in-interest ample time prior to the Combined Hearing to file a responsive brief to any Objections received.  The Debtor also request that the Court establish Wednesday, December 1, 2010, 2010 as the deadline for the Debtor to file a brief and other pleadings in support of confirmation of the Plan, and as the deadline for replies to Objections to be filed.

57.     The Debtor further proposes that this Court direct that Objections to confirmation of the Plan (including objections to the adequacy of the Solicitation Procedures and/or the Disclosure Statement), if any, shall:

    a.  be in writing;

    b.  comply with the Bankruptcy Rules, the Local Rules and other case management rules and orders of this Court;

    c.  set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estates or property of the Debtor;

    d.  state with particularity the legal and factual basis for such objection;

    e.  be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York, together with proof of service thereof, and served by personal service or by overnight delivery, so as to be **actually received** no later than the Objection Deadline; and

    f.  be served by personal service or by overnight delivery, **so as to be actually received** no later than the Objection Deadline, upon the following parties (collectively, the "**Notice Parties**"):

        i.  Gersten Savage, LLP, 600 Lexington Avenue, New York, New York 10022, Attn: Paul Rachmuth, proposed counsel to the Debtor;

        ii.  Office of the United States Trustee for the Eastern District of New York;

        iii.  Aaron Cohen, the Secured Lender; and

iv. Those parties who have filed a notice of appearance and request for service of pleadings in the Chapter 11 Case.

58. The Debtor submits that the foregoing procedures for objecting to the Plan, the Solicitation Procedures and the Disclosure Statement are in the best interests of all parties in the Chapter 11 Case and should be approved.

**D.    Approval of Form and Manner of Notice of the Combined Hearing.**

59. The Debtor proposes that no later than Friday, October 29, 2010, the Debtor shall cause to be mailed the Combined Hearing Notice, substantially in the form attached hereto as Exhibit C.

60. The Combined Hearing Notice includes a notice of commencement of the Chapter 11 Case, a notice indicating the date, time, and place of the Combined Hearing, the Objection Deadline, other important deadlines, the procedures for filing objections to the Solicitation Procedures, the Disclosure Statement and confirmation of the Plan, a summary of the Plan, and information regarding how creditors can obtain copies of the Plan and Disclosure Statement.

61. The Combined Hearing Notice will be served upon the following:

a. All known Holders of Claims and Interests of the Debtor as of the Petition Date;

b. The Notice Parties (as defined above);

c. The Office of the United States Attorney for the Eastern District of New York; and

d. The Internal Revenue Service.

62. The Debtor believes that the contents of the Combined Hearing Notice are sufficient to satisfy the requirements of the Bankruptcy Code.

63.     The Debtor requests approval of the foregoing procedures for providing notice of the Combined Hearing and Objection Deadline as they constitute adequate notice thereof to all parties-in-interest in the Chapter 11 Case.

**E.      Related Relief.**

64.     Section 341(a) of the Bankruptcy Code requires the United States Trustee to convene and preside at a meeting of creditors. *See* 11 U.S.C. § 341(a). Similarly, section 341(b) of the Bankruptcy Code authorizes the United States Trustee to convene a meeting of equity security holders. *See* 11 U.S.C. § 341(b). However, section 341(e) of the Bankruptcy Code expressly provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States Trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e). In addition, section 1102 of the Bankruptcy Code authorizes the United States Trustee appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or equity holders as deemed appropriate. *See* 11 U.S.C. § 1102.

65.     As noted above, the Debtor commenced solicitation prior to the Petition Date and obtained the requisite acceptances of the Plan prior to the Petition Date. In fact, the Plan was accepted by 100% of Class 3 Claims, 99.9% of Class 4 Claims and 99.5% of Class 5 Claims. Accordingly, pursuant to section 341 of the Bankruptcy Code, the Debtor submits that cause exists for this Court to direct the Office of the United States Trustee for the District of New Jersey (a) not to convene a meeting of creditors and/or equity security holders provided that the

Plan is confirmed within ninety (90) days from the Petition Date and (b) not appoint a committee of creditors holding unsecured claims or any other statutory committees.

66.     Finally, the Debtor requests that the Court waive the requirement that the Debtor file or provide any periodic operating reports pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules (except as may be provided specifically in the Plan or order confirming the Plan) if the Plan is confirmed within ninety (90) days from the Petition Date.

## NOTICE

67.     Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery or hand delivery to:

a.  Creditors (or their counsel, if known) holding the twenty (20) largest unsecured claims against the Debtor, as set forth in the Debtor's bankruptcy petition and Schedules;

b.  Aaron Cohen, the Secured Lender;

c.  The Office of the United States Trustee for the Eastern District of New York;

d.  The Internal Revenue Service; and

e.  Any entity that has filed a notice of appearance in the Chapter 11 Case pursuant to Bankruptcy Rule 2002.

68.     In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

69.     No prior request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully request that this Court: (a) enter an order in the form submitted herewith granting the relief requested herein; and (b) grant to the Debtor such other and further relief as the Court may deem proper.

Dated: _____, 2010

                              **GERSTEN SAVAGE, LLP**

                    By:    */s/ Paul A. Rachmuth*_____
                           Paul A. (PR1566)
                           600 Lexington Avenue
                           New York, New York  10022
                           Telephone: (212) 752-9700
                           Facsimile: (212) 980-5192

                           Proposed Counsel to the Debtor and Debtor-in-Possession

**Exhibit A**
**[Proposed Order]**

**Exhibit B**
**[Form of Ballot]**

**Exhibit C**
**[Combined Hearing Notice]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TETRAGENEX PHARMACEUTICALS, INC. | Case No.  10-_____ |
| Debtor | |

### NOTICE OF COMMENCEMENT OF CHAPTER 11 CASES
### AND NOTICE OF (A) COMBINED HEARING ON (i) ADEQUACY OF PREPETITION SOLICITATION PROCEDURES, (ii) ADEQUACY OF THE DISCLOSURE STATEMENT, AND (iii) CONFIRMATION OF PLAN OF REORGANIZATION, (B) PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT AND PLAN, AND (C) SUMMARY OF THE PLAN

**PLEASE TAKE NOTICE THAT**, on October 26, 2010 (the "Petition Date"), the above-captioned debtor and debtor in possession (the "**Debtor**") filed a voluntary petition commencing the above-captioned case under chapter 11, 11 U.S.C. §§ 101 *et seq.*(the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE THAT**, on October 26, 2010, the Debtor filed with the Bankruptcy Court the Prepackaged Plan of Reorganization of Tetragenex Pharmaceuticals, Inc., dated August 10, 2010 (the "**Plan**") and the Disclosure Statement for the Prepackaged Plan of Reorganization of Tetragenex Pharmaceuticals, Inc., dated August 10, 2010 (the "**Disclosure Statement**"). Copies of the Plan and Disclosure Statement may be obtained upon written request of the Debtor's counsel by contacting Gersten Savage, LLP, 600 Lexington Avenue, New York, New York 10022, Attn.: Paul Rachmuth, email: prachmuth@gerstensavage.com.  Prior to the Petition Date, each class of creditor and interest holder entitled to vote on the Plan voted to accept the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on October __, 2010, the Bankruptcy Court entered the Order (A) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement; Confirmation of the Plan and Setting the Objection Deadline for the Disclosure Statement and Plan; (B) Approving the Form and Notice of the Combined Hearing on Adequacy of the Disclosure Statement and Confirmation of the Plan; (C) Establishing Procedures for Objecting to the Disclosure Statement and Plan; (D) Approving the Prepetition Solicitation Procedures; and (E) Granting Related Relief (the "**Scheduling Order**"), scheduling a combined hearing on the adequacy of the Debtors' prepetition solicitation procedures (the "**Solicitation Procedures**"), the adequacy of the Disclosure Statement and to consider confirmation of the Plan (the "**Combined Hearing**").

**PLEASE TAKE FURTHER NOTICE THAT**, the Combined Hearing shall be held on December 6, 2010 at __:___ _.m. (Eastern Time) before the Honorable_____, United States Bankruptcy Judge, in Courtroom __ of the United States Bankruptcy Court for the Eastern

District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip 11722.  The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and will be available on the electronic case filing docket.

PLEASE TAKE FURTHER NOTICE THAT, any objections to the Solicitation Procedures, the Disclosure Statement or confirmation of the Plan (each, an "**Objection**") must be filed with the Clerk of the Court together with proof of service thereof, and served by personal service or by overnight delivery, so as to be actually received no later than 4:00 p.m. (Eastern Time) on November 24, 2010 (the "**Objection Deadline**") by be served by personal service or by overnight delivery, so as to be actually received no later than 4:00 p.m. (Eastern Time) on the Objection Deadline upon the following parties (collectively, the "Notice Parties"):

     i.   Gersten Savage, LLP, 600 Lexington Avenue, New York, New York 10022, Attn: Paul Rachmuth, proposed counsel to the Debtor;

    ii.   Office of the United States Trustee for the Eastern District of New York, 290 Federal Plaza, Central Islip 11722;

   iii.   Aaron Cohen, the Secured Lender, 15615 Royal Woods Pl, Sherman Oaks, CA  91403; and

   iv.   Those parties who have filed a notice of appearance and request for service of pleadings in the Chapter 11 Case.

PLEASE TAKE FURTHER NOTICE THAT, Objections, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York, and other case management rules or orders of this Court; (c) set forth the name and address of the objecting party and the nature and amount of any Claim or Interest asserted by the objector against the estate or property of the Debtor; and (d) state with particularity the legal and factual basis for the Objection, and, if the Objection is to the Plan, state, if practicable, a proposed modification to the Plan that would resolve such objection.

UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.

Below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the dates for the Combined Hearing and the Objection Deadline:

| TIMETABLE | |
| --- | --- |
| Objection Deadline | November 24, 2010 |
| Reply Deadline | December 1, 2010 |
| Combined Hearing Date | December 6, 2010 |

## SUMMARY OF THE PLAN

Please note, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Plan. This summary of the Plan is qualified in its entirety by the terms of the Plan. In the event of any conflict between this summary and the terms of the Plan, the Plan shall control and govern.

The Debtor commenced its Chapter 11 Case to effectuate a restructuring of its balance sheet (converting debt to equity) pursuant to the Plan, which, as described in more detail below, has the support of each and every impaired class of claims and interests.

The Plan provides for a balance sheet restructuring that converts all secured and general unsecured Claims into equity, dilutes but not eliminates existing equity and leaves the place the strike price and expiration date for all existing options and warrants (all of which are expected to remain "far out of the money"). The Plan also allows for the Debtor to consummate the Subscription and thereby raise the capital necessary to complete its business plan.

A summary of the classification and treatment provisions of the Plan are as follows:

| Class [Allowed Claim or Interest] | Treatment | Estimated Amount of Claims in Class | Recovery | Status |
|---|---|---|---|---|
| N/A [Administrative Expense Claims] | Payment in full, in Cash, or as otherwise agreed, or, if incurred in the ordinary course, in accordance with the terms and conditions of any agreements relating thereto. | Undetermined | 100% | Unclassified and Unimpaired. Not entitled to vote. |
| N/A [Priority Tax Claims] | Payment in full, in Cash, or as otherwise agreed. | $0 | 100% | Unclassified and Unimpaired. Not entitled to vote. |
| Class 1 [Other Priority Claims] | Payment in full, in Cash, or as otherwise agreed. | $35,000 | 100% | Unimpaired; deemed to accept the Prepackaged Plan and not entitled to vote |
| Class 2 [Secured Claims] | Payment in full, in Cash, a return of the Collateral, or as otherwise agreed. | $85,000 | 100% | Unimpaired; deemed to accept the Prepackaged Plan and not entitled to vote |
| Class 3 [General Unsecured Claims] | Pro Rata share of the Unsecured Claim Consideration. | $3,500,000 | 2% | Impaired; entitled to vote |
| Class 4 [Option Holders] | Receiving New Options | n/a | n/a | Impaired; entitled to vote |

| Class<br>[Allowed Claim or<br>Interest] | Treatment | Estimated<br>Amount of<br>Claims in Class | Recovery | Status |
|---|---|---|---|---|
| Class 5<br>[Common<br>Stockholders] | Retaining Common Stock | 18,798,348<br>Shares | n/a | Impaired; entitled to<br>vote |

The Plan has been accepted by Classes 3, 4 and 5; the only impaired Classes. Classes 1 and 2 are not impaired and, therefore, deemed to vote in favor of the Plan.

The Debtor believes that consummation of the consensual financial restructuring transactions proposed under the Plan is necessary to provide the Debtor with a strong balance sheet and capital structure and the funds necessary to successfully execute on its business plan. Indeed, the Debtor believes that the prompt realization of the transactions outlined in the Plan will enable it to exit chapter 11 appropriately capitalized to execute its business plan.

## WAIVER OF SECTION 341(A) MEETING AND
## APPOINTMENT OF STATUTORY COMMITTEES

If the Plan is confirmed within ninety (90) days from the Petition Date: (a) a meeting pursuant to section 341(a) of the Bankruptcy Code will not be convened, and (b) no statutory committees of general unsecured creditors or interest holders, or any other statutory committees, will be appointed.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED IF YOU ARE UNSURE ABOUT ANY OF THE MATTERS REFERENCED IN THIS NOTICE, YOU MAY WISH TO CONSULT AN ATTORNEY.**

Dated: October__, 2010

BY ORDER OF THE COURT

GERSTEN SAVAGE, LLP

By: _/s/ Paul A. Rachmuth_
Paul A. (PR1566)
600 Lexington Avenue
New York, New York 10022
Telephone: (212) 752-9700
Facsimile: (212) 980-5192

Proposed Counsel to the Debtor and Debtor-in-Possession